<pre>
                        UNITED STATES DISTRICT COURT
                          DISTRICT OF MASSACHUSETTS
</pre>

|  |  |
|---|---|
| **OBRIANT JR. WEBB,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **Civil No.** |
|     v. ) | **09-40048-FDS** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **BUREAU OF PRISONS, SANDRA HOWARD,** ) | |
| **CAROLYN A. SABOL, D. SCOTT DODRILL,** ) | |
| **HARRELL WATTS, and HENRY J.** ) | |
| **SADOWSKI,** ) | |
| ) | |
|     **Defendants.** ) | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTIONS FOR APPOINTED
COUNSEL, LEAVE TO FILE, AND RECONSIDERATION**

**SAYLOR, J.**

    This action arises out of the injuries plaintiff Obriant Jr. Webb alleges that he sustained while a prisoner at the Federal Medical Center at Devens, Massachusetts. Webb contends that he was injured when he was pulled out of a broken elevator by prison staff. Webb also contends that the staff at FMC Devens demonstrated deliberate indifference to his serious medical needs and that, as a result, he has suffered significant and ongoing injury.

    On February 20, 2009, Plaintiff filed this action *pro se* against various prison officials, the Bureau of Prisons, and the United States of America pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of the Eighth Amendment. The defendants moved to dismiss the complaint as to all defendants. On March 21, 2011, this Court granted the motion as to all claims against defendants Dodrill, Watts, Sadowski,

the Bureau of Prisons, and the United States. As to defendants Howard and Sabol, the Court dismissed all claims against them in their official capacities and all claims against them in their personal capacities insofar as the claims related to treatment decisions. However, it denied the motion as to plaintiff's claims for denial of prescribed medical care.

Plaintiff has filed three motions that are now before the Court. First, he seeks appointment of counsel to aid him in pursuing his remaining claims. Second, he seeks reconsideration of the order dismissing his other claims. Third, he requests an extension of time to file additional briefing.

**I.     Appointment of Counsel**

In a proceeding *in forma pauperis*, the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine all the circumstances, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *See id.* at 24.

The Court finds that this case does not present exceptional circumstances warranting appointment of counsel. As the Court stated in the March 2011 order, to assert the remaining claims plaintiff must develop factual support that prescribed treatment was denied to him and that there was no legitimate reason for such denial such as inadvertent failures or legitimate treatment

2

decisions.  *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *DesRosiers*, 949 F.2d at 19.  Although plaintiff would undoubtedly be better served by having a lawyer perform those tasks, that does not amount to an exceptional circumstance demanding appointed counsel.  The motion will therefore be denied.

## II.     Motion for Reconsideration

A motion for reconsideration under Fed. R. Civ. P. 59(e) and 60(b) will be granted only upon a showing of (1) a "manifest error of law," (2) new evidence, or (3) a misunderstanding or other error "not of reasoning but apprehension."  *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 81-82 (1st Cir. 2008); *see also Stonkus v. City of Brockton Sch. Dept.*, 322 F.3d 97, 100 (1st Cir. 2003) (holding that evaluation of a motion for reconsideration is "committed to the district court's sound discretion").

Here, the Court has reviewed its March 2011 order and sees no legal error warranting reconsideration.  Furthermore, plaintiff has not submitted any new evidence or indicated any misunderstanding or other error of "apprehension."  Accordingly, the motion will be denied.

## III.    Motion for Extension of Time

Plaintiff's motion for an extension of time to file a reply appears to relate to the briefings on the motion to dismiss that were the subject of the March 2011 order.  That motion was fully briefed, with defendants having filed a memorandum in support and plaintiff having filed a memorandum in opposition.  There is no right to further briefing.  L.R. 7.1(b)(3).  At this stage in the litigation, the request for an extended time to file is therefore moot, and will be denied.

**IV.     Conclusion**

For the foregoing reasons,

1. the motion of plaintiff for appointment of counsel is DENIED,

2. the motion of plaintiff for reconsideration is DENIED, and

3. the motion of plaintiff for an extension of time to file is DENIED AS MOOT.

**So Ordered.**

/s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge

Dated:  January 31, 2012