UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| OBRIANT JR. WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 09-40048-FDS |
| | ) | |
| SANDRA HOWARD and CAROLYN A. SABOL, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

**SAYLOR, J.**

This action arises out of the injuries plaintiff Obriant Webb alleges that he sustained while a prisoner at the Federal Medical Center in Devens, Massachusetts. Webb contends that the staff at FMC Devens has demonstrated deliberate indifference to his serious medical needs and that, as a result, he has suffered significant and ongoing injury.

On February 20, 2009, Webb brought a *pro se* complaint against various prison officials, the Bureau of Prisons, and the United States of America pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of the Eighth Amendment. In March 2011, the Court dismissed Webb's claims against all the defendants except for Sandra Howard and Carolyn Sabol, the clinical director and warden, respectively, of FMC Devens at the time of his injuries. They filed a motion for summary judgment on June 27, 2013.

For the reasons stated below, that motion will be granted.

**I.     Background**

    **A.     Factual Background**[1]

        **1.     The Injury**

On March 10, 2006, plaintiff Obriant Webb was sentenced in the United States District Court for the Northern District of Texas to a 212-month term of imprisonment. Webb was convicted of conspiracy to possess a controlled substance with intent to distribute it and conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Magnusson Decl., Ex. A). Webb was incarcerated at the Federal Medical Center at Devens, Massachusetts, at all times relevant to this case. (*See* Magnusson Decl., Ex. B).

On November 18, 2007, Webb and two other inmates became trapped between floors in an elevator at FMC Devens. (Magnusson Decl., Ex. C). After waiting for almost an hour, the inmates were rescued by prison officials, who pried open the elevator door and helped the inmates up through the narrow opening created by the top of the compartment and floor of the next story up. (*Id.*). Webb was the last inmate to be rescued from the elevator. (*Id.*). Prison staff pulled him out of the elevator by his right arm. (Beam Decl. ¶ 11). Following his removal from the elevator, Webb was immediately seen by medical staff. (Magnusson Decl, Ex. C). He was prescribed medication and then returned to his housing unit. (Beam Decl. ¶ 11).

        **2.     Administrative Complaints**

Webb requested physical therapy following the elevator incident through the administrative remedy program at FMC Devens. (Magnusson Decl., Exs. E, F, G). On January

---

[1] Defendants' motion for summary judgment was filed on June 27, 2013, almost six months ago. Despite several extensions, plaintiff has failed to file an opposition. The facts as summarized are assumed to be undisputed.

8, 2008, he submitted a request for administrative remedy to Sabol, alleging that he had been injured on his right side during the elevator incident. (Magnusson Decl., Ex. E). In a response dated January 31, 2008, Sabol partially granted Webb's request. (*Id.*). She stated that he had been seen by medical staff after the elevator incident, given medication, and then discharged to his housing unit. (*Id.*). She also stated that he had been evaluated by a physical therapist on January 22, 2008, who would be working with him over the next four weeks to alleviate his pain. (*Id.*).

Webb subsequently appealed Sabol's decision to the Northeast Regional Director of the Bureau of Prisons. (Magnusson Decl., Ex. F). In that appeal, he stated that he had received physical therapy for his right arm and shoulder, but had yet to receive treatment for his lower back. (*Id.*). He also said he was receiving no treatment for the numbness and nerves in his arm and hand, and contended that his physical therapist was not qualified to diagnose nerve injury or damage. (*Id.*). His appeal was denied on April 17, 2008. (*Id.*). The denial stated that Webb was seen by the physical therapy department on January 22, 2008, where he reported a history of long-term low back pain, and that he had been receiving pain medication for his chronic low back pain. (*Id.*). The denial also stated that on February 22, 2008, Webb reported his back and shoulder pain had decreased and he left the medical station without being seen by medical staff. (*Id.*). Finally, the denial noted that Webb had been referred to physical therapy on March 21, 2008, after he reported pain on both sides of his back. (*Id.*).

On June 13, 2008, Webb filed a final administrative appeal. (Magnusson Decl., Ex. G). That appeal was denied on July 9, 2008. (*Id.*). The denial stated that after a review of the medical record, he had received medical care and treatment in accordance with Bureau of

Prisons policy. (*Id.*).

### B. Procedural Background

On February 20, 2009, plaintiff filed the complaint in this case against various prison officials, the Bureau of Prisons, and the United States of America. The Court dismissed all the defendants except for Sandra Howard and Carolyn Sabol, the clinical director and warden, respectively, of FMC Devens at the time of the elevator incident. They filed a motion for summary judgment on June 27, 2013.

Because plaintiff is an incarcerated prisoner who is proceeding *pro se*, and because he has reported ongoing health issues, on four occasions—August 9, September 16, October 17, and December 4—the Court gave plaintiff extensions so he could file an opposition to defendants' summary judgment motion. He has failed to file an opposition.

## II. Standard of Review

The role of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (internal quotations omitted). Summary judgment is appropriate when the moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue is "one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant . . . would permit a rational fact finder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990). In evaluating a summary judgment motion, the court indulges all reasonable inferences in favor of the non-moving party. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). When "a properly

supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)).  The non-moving party may not simply "rest upon mere allegation or denials of his pleading," but instead must "present affirmative evidence."  *Id*. at 256-57.

**III.    Analysis**

Pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the complaint alleges violations of the Eighth Amendment for denial of appropriate medical treatment to plaintiff following his injury during the elevator incident.  Defendants are being sued in their individual capacities.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishment." Although the original concern of the drafters appears to have been "torture" and other "barbarous" methods of punishment, the scope of the amendment has broadened over time to include punishments that "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (internal citations and quotations omitted).  "Where a prisoner claims that his Eighth Amendment rights were violated by denial of access to proper medical care, 'he must prove that the defendants' actions amounted to deliberate indifference to a serious medical need.'" *Braga v. Hodgson*, 605 F.3d 58, 61 (1st Cir. 2010) (quoting *DesRosiers v. Moran*, 949 F.2d 15, 18 (1st Cir. 1991)) (alterations omitted).

Although the First Circuit has not expressly ruled on the issue, other circuits have found that allegations that prison officials denied or delayed recommended treatment by medical professionals may be sufficient to satisfy the "deliberate indifference" standard.  *See Alexander*

*v. Weiner*, 841 F. Supp. 2d 486, 491, n.22 (D. Mass. 2012) (collecting cases). "A prison official is a proper defendant in an Eighth Amendment suit if that official was 'personally involved' in the decision to deny treatment for [p]laintiff's serious medical need." *Id.*; *see also Pandey v. Freedman*, 1995 WL 568490, at *2 (1st Cir. Sep. 26, 1995) ("a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.") (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

In this case, the record shows that defendants were not personally involved in plaintiff's treatment. Neither defendant was one of plaintiff's treating physicians or physical therapists. (*See* Beam Decl. ¶¶ 11-57). There is no evidence that Howard knew about plaintiff's injuries or complaints, and therefore she cannot be held liable for any Eighth Amendment violations resulting from a lack of medical care. *See Braga*, 605 F.3d at 61 (affirming summary judgment in favor of defendant because the "summary judgment record showed absolutely no evidence of the [defendant's] personal involvement with or knowledge of [plaintiff's] medical care.").

To the extent that Sabol knew of plaintiff's complaints because she reviewed his first request for an administrative remedy, there is no evidence that she displayed deliberate indifference. The request asked for "proper physical therapy treatment" and treatment for headaches, and Sabol approved plaintiff's physical therapy treatment. The evidence before the Court does not show that Sabol deliberately ignored the medical recommendations of plaintiff's treating physicians, delayed his treatment, or interfered with his prescribed health care. *See Kosilek v. Spencer*, 889 F. Supp. 2d 190, 209 (D. Mass. 2012). Nor does it show that Sabol

made her decision "in bad faith and for no legitimate purpose." *Id.* (quoting *Whitley v. Albers*, 475 U.S. 312, 322 (1986)).

Accordingly, defendants' motion for summary judgment will be granted.[2]

## IV.   Conclusion

For the foregoing reasons, defendants' motion for summary judgment is GRANTED.

**So Ordered.**

Dated: December 20, 2013

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

---

[2] Defendants also contend plaintiff did not have a serious medical need. The Court does not reach this issue.